54 F.3d 774
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Jeffrey L. THOMAS, Plaintiff-Appellant,
v.
TRW, INCORPORATED, a/k/a TRW Systems Integration Group;
Bobby J. Orear; Joy D. Frechette; Larry M.
Thorne; Thomas E. Porter; Steven R.
Buck, Defendants-Appellees.
 No. 94-1564.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 20, 1995.
Decided May 15, 1995.
 
 Jeffrey L. Thomas, appellant pro se. Thomas R. Bagby, Epstein, Becker & Green, P.C., Washington, DC, for appellees.
 Before WIDENER, WILKINSON, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Jeffrey L. Thomas appeals from the district court's orders granting Defendants' motions to dismiss and for summary judgment, and dismissing his civil complaint in which he alleged that Defendants discriminated against him on the basis of race, and retaliated against him for filing an internal grievance.
 
 
 2
 Our review of the record discloses that this appeal is without merit. We find that the district court properly dismissed all but the claims pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. Sec. 2000e (West 1994) (Title VII), retaliation, and 42 U.S.C. Sec. 1981 (1988), on Defendants' motion to dismiss, because either the claims were not cognizable under applicable state or federal law, or Thomas failed to allege facts sufficient to state a claim.
 
 
 3
 In addition, we affirm the district court's dismissal of the remaining claims on Defendants' motion for summary judgment. First, Thomas failed to timely file his Title VII claims within the ninety-day statutory period. 42 U.S.C. Sec. 2000e-5(f)(1) (1988); see Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-52 (1984); Watts-Means v. Prince George's Family Crisis Ctr., 7 F.3d 40, 42 (4th Cir.1993). In addition, Thomas failed to establish a prima facie case of discrimination or reprisal. See McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973); Ross v. Communications Satellite Corp., 759 F.2d 355, 365 (4th Cir.1985). Moreover, he failed to rebut the legitimate, nondiscriminatory reasons Defendants proffered to support their actions regarding Thomas's employment. See Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253-56 (1981); Conkwright v. Westinghouse Elec. Corp., 933 F.2d 231, 234-35 (4th Cir.1991).
 
 
 4
 Because there are no complex or substantial issues presented in this appeal, we deny Thomas's motion for appointment of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED